**In the Matter of Edward A.B. CASTALDO, Respondent.**

**No. 49S00–0902–DI–70.**

Supreme Court of Indiana.

Sept. 2, 2011.

*PUBLISHED ORDER REVOKING PROBATION AND IMPOSING SUSPENSION*

On November 20, 2009, the Court entered an order suspending Respondent from the practice of law for a period of 90 days, all stayed subject to completion of at least 24 months of probation on terms that included mental health treatment, monitor-

ing by the Judges and Lawyers Assistance Program ("JLAP"), and attendance at a trust account management course. The order provided that if Respondent violated his probation, "his probation may be revoked and the stayed suspension may be fully executed with or without automatic reinstatement."

On July 1, 2011, the Commission filed a verified motion to revoke Respondent's probation, pursuant to Admission and Discipline Rule 23(17.2)(a), asserting Respondent materially violated the terms of the JLAP monitoring agreement and that he has failed to attend a trust account management course. Respondent filed no response. His failure to file an answer to the Commission's motion will be deemed to be an admission to the Commission's averments. *See* Admis. Disc. R. 23(17.2)(b).

Being duly advised, the Court GRANTS the motion and revokes Respondent's probation. **Respondent shall be suspended from the practice of law in this state for a period of not less than 90 days, effective immediately.** Respondent is already under a suspension order for continuing legal education noncompliance and dues nonpayment, effective June 20, 2011. Respondent is ordered to fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. See Admis. Disc. R. 23(4)(b). The costs of this proceeding are assessed against Respondent.

The Court directs the Clerk to serve a copy of this Order upon Respondent and the Executive Secretary by personal service or by certified mail return receipt requested. The Court further directs the Clerk to forward a copy of this Order to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.